UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH J. TAYLOR,<br><br>        Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>        Defendant. | CASE NO. C07-5335BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES PURSUANT TO 28 U.S.C. § 2412 |

This matter comes before the Court on Plaintiff's Motion for Attorney Fees, Costs, and Expenses Pursuant to 28 U.S.C. § 2412 (Dkt. 29). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In January 2002, Plaintiff filed concurrent applications for disability insurance benefits and Supplemental Security Income ("SSI") disability benefits under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 401-34, 1381-83f. Dkt. 8, Administrative Record ("Tr.") at 86-88, 597-98. In March 2002, the Commissioner of Social Security ("Commissioner") denied these applications at the initial level of administrative review. Tr. 71-74. On May 31, 2002, the Commissioner denied the applications on reconsideration. Tr. 67-69, 601. This denial is binding because Plaintiff did not request a hearing with an administrative law judge ("ALJ"). 20 C.F.R. §§ 404.921(a), 416.1421(a).

ORDER - 1

In September 2003, Plaintiff again filed concurrent applications for disability insurance benefits and SSI disability benefits. Tr. 80-83, 603-06. He alleged disability since June 17, 2001, due to impairments of his left shoulder and arm, neck, back, carpal tunnel syndrome, gastrointestinal disorder, depression, and post-traumatic stress disorder. Tr. 80, 134, 173. After the Commissioner denied his applications initially and on reconsideration, Plaintiff requested an ALJ hearing. Tr. 59-61, 63-66, 608-11, 613-14.

On May 24, 2006, an ALJ held a hearing and took testimony from two witnesses: Plaintiff, represented by an attorney, and a vocational expert. Tr. 629-57. At the hearing, Plaintiff's attorney informed the ALJ that there were recent medical records from Shoalwater Tribal Clinic which were not yet part of the record. Tr. 631-32. The ALJ stated that he would give Plaintiff thirty days to submit these records. Tr. 632. On June 8, 2006, Plaintiff's attorney faxed to the ALJ a treatment note from Ann Tosomeen, M.D. Tr. 619-28. Dr. Tosomeen had diagnosed Mr. Taylor with failed neck syndrome with chronic left upper extremity nerve damage. Tr. 621

On August 14, 2006, the ALJ issued a decision finding Plaintiff not disabled as defined in the Act because he could perform work as a microfilm document preparer, addresser, storage rental clerk, or parking-lot attendant. Tr. 15-37. The ALJ, however, did not mention Dr. Tosomeen's records in his decision.

Plaintiff made a timely request for review of the ALJ's decision by the Appeals Council, and Plaintiff's attorney re-submitted Dr. Tosomeen's records to the Appeals Council. Tr. 617, 619-28. On May 21, 2007, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Tr. 7-11.

On August 23, 2007, Plaintiff filed a complaint in this Court requesting that "the final decision of the Administrative Law Judge and the Appeals Council denying Plaintiff disability benefits be reviewed, reversed, and set aside." Dkt. 3 at 2.

On November 6, 2007, Plaintiff filed an opening brief. Dkt. 13. The section entitled "Brief Summary of Key Documentary Evidence" consists of eight pages and

references material regarding Plaintiff's health from Judy F. Dant, ARNP; Mahadev K. Souri, M.D.; Joseph D. Sueno, M.D.; Ernest D. Geiger, PT; Robert R. Pingree, MSW; Geoffrey Schiller; Carl Birchard, M.D.; Donna M. Smith, Psy.D.; Larry D. Hull, M.D.; Steven Hill, D.O.; Kevin L. Smith, M.D.; Kevin Caserta, M.D.; Michael Wei Chang, M.D., Ph.D.; Robert G.R. Lang, M.D.; Gwyn M. Emery, ARNP; Scott C. Slattery, M.D.; and Dr. Tosomeen. *See id*. at 5-13. Plaintiff sought review of the following issues:

1. The ALJ failed to properly develop the record;

2. The ALJ failed to properly consider all of Plaintiff's severe impairments;

3. The ALJ failed to properly consider medical evidence from Plaintiff's treating and examining physicians;

4. The ALJ failed to properly consider Plaintiff's testimony regarding his limitations;

5. The ALJ improperly determined Plaintiff's residual functional capacity; and

6. The Commissioner failed to meet the burden of showing that Plaintiff can perform any work in the national economy. *See* Dkt. 13 at 14-25.

On April 15, 2008, the Honorable J. Kelley Arnold, United State Magistrate Judge, issued a Report and Recommendation regarding Plaintiff's complaint. Dkt. 18. Judge Arnold found that:

> The opinion evidence from Dr. Tosomeen . . . was not addressed by the ALJ, but it was properly addressed by the Appeals Council. The ALJ sufficiently accounted for Plaintiff's neck and right arm impairments, which is reflected in the ALJ's residual functional capacity assessment.
> ***
> Plaintiff's argument that the ALJ violated his due process rights by not considering these records fails because the Appeals Council considered this evidence and found it did not warrant changing the ALJ's decision. (Tr. 8, 11).
> ***
> In sum, it is clear to this court that the ALJ properly considered the medical evidence and opinions of record. The ALJ decision is properly supported by substantial evidence in the record.

*Id*. at 5, 7.

ORDER - 3

On June 6, 2008, the undersigned adopted the Report and Recommendation and affirmed the ALJ's decision. Dkt. 21.

On August 8, 2008, Plaintiff appealed. Dkt. 23. On September 8, 2009, the Ninth Circuit Court of Appeals issued a Memorandum disposition reversing in part, affirming in part, and remanding the action to the ALJ. Dkt. 27. The disposition, in relevant part, is as follows:

> Taylor argues that the ALJ failed to properly develop the record because the ALJ did not consider Dr. Tosomeen's medical records, which Taylor's lawyer faxed to the ALJ after the hearing. The Commissioner responds that any error was harmless because the Appeals Council considered the records and held that the records did not warrant a change to the ALJ's decision. Because the Appeals Council did not explain why Dr. Tosomeen's records did not affect the result in Taylor's case, we have no basis upon which to determine whether the ALJ's error was harmless. For example, it is entirely unclear on the administrative record before us what effect, if any, the diagnosis of "failed neck syndrome" might have had on Taylor's residual functional capacity. Consequently, we reverse and remand in order for the ALJ to consider Dr. Tosomeen's records and to explain whether they change the analysis or result.
> We do not embrace any of Taylor's other challenges to the ALJ's decision for the reasons given in the magistrate judge's report and recommendation, or because there is no merit to Taylor's arguments.

*Id*. at 2.

On December 7, 2009, Plaintiff filed a Motion for Attorney Fees, Costs, and Expenses Pursuant to 28 U.S.C. § 2412. Dkt. 29. On December 23, 2009, Defendant responded. Dkt. 31. On January 7, 2009, Plaintiff replied. Dkt. 32.

## II. DISCUSSION

The Equal Access to Justice Act ("EAJA") is not an automatic fee-shifting statute. *See Federal Election Commission v. Rose*, 806 F.2d 1081, 1087 (D.C. Cir. 1986). A party is entitled to fees only if the government was not "substantially justified" in its actions. 28 U.S.C. § 2412(d)(1)(A). Substantially justified means "justified in substance or in the main" or "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal citations omitted). A substantially justified position is one that "a reasonable person could think is correct, that is, if it has a

reasonable basis in law and fact." *Id*. at 566, n.2. The standard is satisfied if there is a "genuine dispute." *Id*.

It is the government's burden to establish that it was substantially justified. *Thomas v. Peterson*, 841 F.2d 332, 335 (9th Cir. 1988). The reviewing court must ascertain "first, whether the government was substantially justified in taking its original action; and second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988) (discussing 28 U.S.C. § 2412(d)(2)(D)).

In this case, the ALJ's decision was reversed based on the procedural error of failing to develop the record and the case was remanded to the ALJ so that he could "consider Dr. Tosomeen's records and to explain whether they change the analysis or result." Dkt. 27 at 2.

**A.      The Government's Original Action**

Plaintiff argues that "the ALJ and the Appeals Council were not substantially justified in failing to consider and discuss the new evidence, as their failure to consider and discuss this evidence did not have a reasonable basis in both law and fact." Dkt. 32 at 4. The Court disagrees because, as Judge Arnold found, the "ALJ decision is properly supported by substantial evidence in the record." Dkt. 18. Although the Ninth Circuit found that the "Appeals Council did not explain why Dr. Tosomeen's records did not affect the [ALJ's decision]," a reasonable person could conclude that the Appeals Council correctly denied review of the ALJ's decision in light of Dr. Tosomeen's records. In other words, the Appeals Council's denial without explicit comment regarding Dr. Tosomeen's records was justified in substance and "in the main." *Underwood*, 487 U.S. at 565. In fact, Judge Arnold found, and the undersigned adopted, the conclusion that the "ALJ decision is properly supported by substantial evidence in the record." Dkt. 18 at 7. A decision supported by "substantial evidence" must be "substantially justified."

Therefore, the Court finds that the government has met its burden of showing that the ALJ's and Appeals Council's original actions were substantially justified.

**B.     Defense of the Action**

As for the proceedings in federal courts, the district court should determine "whether the government was substantially justified in defending the ALJ's procedural errors." *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) (citing *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998)).

In this case, the government argued that any error was harmless. The Ninth Circuit has held that a "decision of the ALJ will not be reversed for errors that are harmless." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (citing *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990)). This was a substantially justified position in that it was reasonable in both law and fact. Moreover, the Ninth Circuit most likely felt that the position was substantially justified as it held that "[e]ach party shall bear its own costs on appeal." Dkt. 27 at 2. Therefore, the Court finds that the government has met its burden in showing that its position was substantially justified in defending the ALJ's and Appeals Council's procedural errors.

**C.     Conclusion**

The government has met its burden in showing that both the original actions and the defense of those actions were substantially justified. Therefore, the Court denies Plaintiff's motion for fees, costs and expenses under the EAJA.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Attorney Fees, Costs, and Expenses Pursuant to 28 U.S.C. § 2412 is **GRANTED**.

DATED this 1st day of February, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 6